# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TROY JOSEPH, | ) | |
| | ) | |
| Petitioner | ) | Civil Action No. 15-1602 |
| | ) | |
| vs. | ) | Judge David Stewart Cercone/ |
| | ) | Chief Magistrate Judge Maureen Kelly |
| MARK GARMAN; | ) | |
| ATTORNEY GENERAL OF THE STATE | ) | |
| OF PENNSYLVANIA, | ) | |
| | ) | |
| Respondents | ) | |

## REPORT AND RECOMMENDATION

**I. RECOMMENDATION**

It is respectfully recommended that the Petition Under 28 U.S.C. § 2254 For Writ of Habeas Corpus by a Person in State Custody (the "Petition"), ECF No. 1, be dismissed as second or successive or an abuse of the writ. A certificate of appealability should be denied.

**II. REPORT**

**A. Relevant Procedural History**

Troy Joseph ("Petitioner") has previously filed a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody ("the First Petition"). Joseph v. Mechling, No. 03-cv-1513 (W.D. Pa.), which was finally dismissed on the merits by a Judgment Order entered on November 12, 2015. Id. (ECF No. 95). Thereafter, Petitioner filed a Notice of Appeal on November 27, 2015. Id. (ECF No. 96). Petitioner's Motions for Certificate of Appealability are currently pending in the United States Court of Appeals for the Third Circuit. Joseph v. Mechling, No. 15-3872 (3d Cir.). In the instant Petition, Petitioner attacks the very same convictions as he attacked in the First Petition. Compare Joseph v. Mechling, No. 03-cv-

1513 (ECF No. 83, at 1 – 2, the Answer listing Criminal Complaint Nos. 1997-7436 and 1997-7909 as the objects of attack by the First Petition) <u>with</u> ECF No. 1 at 1 (listing the same Criminal Complaint Numbers).

The present Petition raises the following Two Grounds for Relief:

> **Ground One:** I was sentenced pursuant to 42 Pa.S.C. Section 9714. Sentences for Second or Subsequent Offenses a Manditory [sic] Minimum Sentencing Statute that does not apply to Petitioner. . . .

ECF No. 1 at 3.

> **Ground Two:** I have been deprived of my liberty in violation of my procedural due process rights, which are guaranteed by the U.S. Constitution amendments 5 and 14 . . .
> **Supporting Facts: (A) . . . .** [due to the fact that Section 9714] clearly outlines the statutory procedure to be followed by the sentencing court to determine if the statute is applicable. The sentencing court failed to follow this procedural due-process.

<u>Id</u>. at 5.

Petitioner is proceeding pro se and is deemed, pursuant to the prisoner mail box rule, to have filed the present Petition on December 2, 2015, the date that he signed the instant Petition.

### B. Rule 4 of the Rules Governing Section 2254 Cases

Rule 4 of the Rules governing Section 2254 cases and hence, the instant Petition, provides in relevant part that:

> The [Section 2254] petition shall be examined promptly by the judge to whom it is assigned. If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified.

In interpreting Rule 4, the Advisory Committee Notes to Rule 4 observe that

> 28 U.S.C. § 2243 requires that the writ shall be awarded, or an order to show cause issued, "unless it appears from the application that the applicant or person detained is not entitled thereto." Such consideration, may properly encompass any exhibits attached to the petition, including, but not limited to, transcripts, sentencing records, and copies of state court opinions. The judge may order any of these items for his consideration if they are not yet included with the petition.

In addition to ordering state court records and/or opinions, a federal habeas court may take judicial notice of those state court records and/or state court opinions as well as its own court records. See, e.g., Barber v. Cockrell, 2002 WL 63079, at *1 n.4 (N.D. Tex. Jan. 8, 2002)(in a Rule 4 case, the court took judicial notice of its own records of a prior habeas petition filed by the petitioner); United States ex. rel. Martin v. Gramley, No. 98 C 1984, 1998 WL 312014, at *1 (N.D. Ill. June 3, 1998) (in a Rule 4 summary dismissal, the court took "judicial notice of the opinion of the Illinois Appellate Court in this case."); Barber v. Cockrell, No. 4:01-CV-930, 2002 WL 63079, at * 1 (N.D. Tex. Jan. 8, 2002)(in a Rule 4 case, the court stated that from "the face of the petition, and from [state] court records of which this Court can take judicial notice, the court determines that this is a successive petition. . . .").

This power of a federal court to summarily dismiss a habeas petition, which, considered along with items annexed thereto and things of which judicial notice may be had, shows on its face that the petitioner is not entitled to relief, includes the power of the court to dismiss the petition where it discloses that a habeas petition constitutes an abuse of the writ and/or is second or successive. See, e.g., Acosta v. Artuz, 221 F.3d 117, 124 (2d Cir. 2000).[1]

---

[1] To the extent that Petitioner is entitled to notice and an opportunity to respond to the proposed dismissal of the Petition based on abuse of the writ doctrine, the report and recommendation procedure with its opportunity to file objections provides such notice and opportunity to be heard. See, e.g., Magouirk v. Phillips, 144 F.3d 348, 359 (5th Cir. 1998) ("Here, the Magistrate
(...footnote continued)

## C. The AEDPA Applies

The Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, tit. I, §101 (1996) ("AEDPA") which amended the standards for reviewing state court judgments for petitions filed under 28 U.S.C. § 2254 was effective April 24, 1996. Because Petitioner's habeas petition was filed after the effective date of the AEDPA, the AEDPA is applicable to this case. Werts v. Vaughn, 228 F.3d 178, 195 (3d Cir. 2000).

The AEDPA greatly restricts the power of federal courts to award relief to state prisoners who file second or successive Section 2254 applications. Tyler v. Cain, 533 U.S. 656 (2001). In the AEDPA, Congress enacted strictures on the filing of second or successive habeas petitions in response to the abuse of the habeas writ by prisoners. See Chambers v. United States, 106 F.3d 472, 475 (2d Cir. 1997) ("The purpose of the gatekeeping restrictions was to prevent abuse of the habeas writ."). Congress provided that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

---

Judge's Memorandum and Recommendation placed Magouirk on notice that procedural default was a potentially dispositive issue with respect to three of his claims. Magouirk responded to the Magistrate Judge's sua sponte invocation of procedural default within the ten-day time period allowed for filing objections to the report. Thus, Magouirk was afforded both notice and a reasonable opportunity to oppose application of the procedural default doctrine in the district court."); Canady v. Baker, 142 F.3d 432 (Table), 1998 WL 123996, at *1 (6th Cir. 1998)(same); United States v. Willis, 273 F.3d 592, 597 n.6 (5th Cir. 2001)("We note here that these two concerns [of notice and an opportunity to be heard] were satisfied due to the fact that the magistrate raised the issue and Willis then had an opportunity to argue against the magistrate's findings to the district court.").

The allocation of these gatekeeping responsibilities to the Court of Appeals provided by Section 2244(b)(3)(A), has essentially divested the District Courts of subject matter jurisdiction over habeas petitions that are second or successive within the meaning of that subsection. See, e.g., Robinson v. Johnson, 313 F.3d 128, 140 (3d Cir. 2002)("From the district court's perspective, it [i.e., Section 2244(b)(3)(A)'s gatekeeping assignment to the Courts of Appeals] is an allocation of subject-matter jurisdiction to the court of appeals."). The gatekeeping provisions of AEDPA provide that if the prisoner asserts a claim that he has already presented in a previous federal habeas petition, the claim must be dismissed by the Court of Appeals in all cases. 28 U.S.C. § 2244(b)(1). And if the prisoner asserts a claim that was not presented in a previous petition, the claim must be dismissed by the Court of Appeals unless it falls within one of two narrow exceptions. One of these exceptions is for claims predicated on newly discovered facts that call into question the accuracy of a guilty verdict. 28 U.S.C. § 2244(b)(2)(B). The other is for certain claims relying on new rules of constitutional law. 28 U.S.C. § 2244(b)(2)(A). However, even if a habeas petitioner's second or successive petition falls within either of these categories, he may not simply come to the District Court and file his second or successive petition, rather he must seek leave of the Court of Appeals to do so. In other words, he must convince, in the first instance, the Court of Appeals that his second or successive petition comes within this narrow exception permitted by AEDPA and have the Court of Appeals grant him leave to file such second or successive petition. 28 U.S.C. § 2244(3)(A).[2]

---

[2] Section 2244(3)(A) provides that "[**b**]**efore** a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." (emphasis added).

D. **Discussion**

1. **The Petition is second or successive.**

The instant Petition is second or successive since it attacks the same convictions as Petitioner attacked in the First Petition, notwithstanding that there is an appeal presently pending in the United States Court of Appeals for the Third Circuit concerning the First Petition. Ochoa v. Sirmons, 485 F.3d 538 (10th Cir. 2007) (pendency of petitioner's appeal from the denial of a first habeas petition did not obviate the need for authorization of his newly raised claim; petitioner's newly raised claim was second or successive within the meaning of applicable statute); Sivak v. Blades, No. 1:11-CV-00600-REB, 2012 WL 1149297, at *1 (D. Idaho April 5, 2012) ("A 'second or successive' petition is one that is filed after a first petition has been denied on the merits—rather than dismissed without prejudice on technical or procedural grounds—even if the district court's disposition of the first petition is still pending on appeal.") (citing Beaty v. Schriro, 554 F.3d 780, 782–83 (9th Cir. 2009)). But see Ching v. United States, 298 F.3d 174, 179 n. 3 (2d Cir. 2002) ("[W]e hold that Ching's [second] petition is not second or successive because adjudication of the initial § 2255 motion was incomplete at the time of its submission"); id. at 178 ("In the AEDPA context, adjudication of an initial habeas petition is not necessarily complete ... simply because the district court rendered a judgment ...").[3] Cf.

---

[3] See also Federal Habeas Manual § 11:41 ("But other circuits have declined to include appellate proceedings in considering whether a prior habeas petition is pending. Instead, these courts have held that a habeas action becomes final once the district court proceedings on the initial petition have concluded.") (citing Phillips v. U.S., 668 F.3d 433, 435 (7th Cir. 2012), *as amended on denial of reh'g and reh'g en banc*, (Feb. 21, 2012) (Rule 60(b) motion filed while defendant's § 2255 motion to vacate was pending on appeal constituted a new application for collateral relief
(…footnote continued)

Moreland v. Robinson, No. 15-3306, 2016 WL 537429, at *7 (6th Cir. Feb. 11, 2016) ("a Rule 60(b) motion or motion to amend that seeks to raise habeas claims is a second or successive habeas petition when that motion is filed after the petitioner has appealed the district court's denial of his original habeas petition or after the time for the petitioner to do so has expired.").

### 2. The instant Petition constitutes an abuse of the writ.

In the alternative, even if not second or successive because there is a presently pending appeal before the United States Court of Appeals for the Third Circuit concerning the First Petition, the instant Petition constitutes an abuse of the writ. Agoro v. United States, No. 11 CIV. 1818 SAS, 2011 WL 1330771, at *3 (S.D.N.Y. Apr. 4, 2011) ("Even if this petition is not successive and cannot be deemed an amendment to the petition in *United States v. Agoro*, the Court concludes that the petition constitutes abuse of the writ because petitioner brings the identical claims immediately after the Court's dismissal of his ineffective assistance of counsel claims. Petitioner does not show cause for bringing the same ineffective assistance of counsel claims twice, such as the discovery of new facts or an intervening change in the law. This Petition is essentially an attempt to get another bite at the apple."). In Agoro, the Section 2241 habeas petitioner therein attempted to bring a second Section 2241 habeas petition while there was an appeal pending in the Court of Appeals, and the District Court dismissed the second

---

subject to the second or successive filing restrictions.); Beaty v. Schriro, 554 F.3d 780, 783 n. 1 (9th Cir. 2009) (holding that petitioner may not amend after the district court had ruled and proceedings had begun in the circuit court); Ochoa v. Sirmons, 485 F.3d 538, 540 (10th Cir. 2007) (declining to follow *Whab* after finding that "[n]o other circuit has followed" it); United States v. Terrell, 141 F. App'x 849, 852 (11th Cir. 2005) (finding petition to be successive rather than an amendment because "there was no pending § 2255 motion in the district court. . .")).

Section 2241 petition as an abuse of the writ. Agoro is persuasive for the rule that even if the AEDPA statutory bar does not apply to a second habeas petition while an appeal of the first habeas petition is pending, the abuse of the writ doctrine nonetheless may bar the second habeas petition. Accord Williams v. United States, No. 00 CR. 1008 NRB, 2015 WL 4743534, at *8 (S.D.N.Y. Aug. 11, 2015).

In Benchoff v. Colleran, 404 F.3d 812, 817 (3d Cir. 2005), the United States Court of Appeals for the Third Circuit held that the common law "abuse of the writ doctrine" survived passage of the AEDPA. The Court explained that as a practical matter, the abuse of the writ doctrine compels a habeas petitioner to raise all of his claims concerning both his conviction and the administration of his sentence that are available to him at the time of the filing of the petition in that one petition. The Court further explained that the abuse of the writ "doctrine does, however, bar claims that could have been raised in an earlier habeas corpus petition. *McCleskey*, 499 U.S. at 493-95, 111 S.Ct. 1454; *Wise v. Fulcomer*, 958 F.2d 30, 34 (3d Cir.1992). Thus, a subsequent petition that challenges the administration of a sentence is clearly not a 'second or successive' petition within the meaning of § 2244 if the claim had not arisen or could not have been raised at the time of the prior petition." Benchoff, 404 F.3d at 817.

In this case, it is clear that Petitioner's two Grounds For Relief were available to him during the proceedings of the First Petition. To the extent any such claims raised herein were not raised in the First Petition, we find that the instant Petition constitutes an abuse of the writ and should be dismissed sua sponte by the Court. Durr v. U.S., 156 F.3d 1229 (Table), 1998 WL 399621, at *1 (6th Cir. 1998) ("A petitioner abuses the writ by raising a claim in a subsequent petition that could have been raised in an earlier petition, regardless of whether the failure
8

resulted from inexcusable neglect or a deliberate choice."); U.S. v. Keith, 992 F.2d 1220 (Table), 1993 WL 142086, at *1 (9th Cir. 1993) ("A district court may dismiss a habeas petition for an abuse of the writ when a petitioner raises a claim in a subsequent petition that could have been raised in the first petition, 'regardless of whether the failure to raise it earlier stemmed from a deliberate choice.'").

Furthermore, to the extent that Petitioner did raise in the First Petition, claims that he now also raises in the present Petition, we find the current Petition to be repetitious of the First Petition and should be dismissed as a malicious abuse of the writ. McBarron v. Federal Bureau of Prisons, 332 F. App'x 961, 963 (5th Cir. 2009) ("The majority of McBarron's claims involved the same general series of events, facts, and conditions that were at issue in an earlier 28 U.S.C. § 2241 proceeding and therefore constituted '[r]epetitious litigation of virtually identical causes of action' that were properly dismissed as malicious.")(some internal quotations omitted); Jung v. U.S., 988 F.2d 120 (Table), 1993 WL 33857, at *1 (9th Cir. 1993) ("To prevent abuse of the writ, however, the federal court retains discretion to refuse to consider a claim presented in a section 2255 petition if the claim has been previously presented.").

### E. Certificate of Appealability

Section 2253 generally governs appeals from District Court orders regarding habeas petitions. Section 2253 essentially provides in relevant part that a certificate of appealability, which is a prerequisite for allowing an appeal to a Court of Appeals, should not be issued unless the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253 (C)(2). There is a difficulty in applying Section 2253(C)(2) when the District Court does not decide the case on the merits, i.e., declines to address questions of constitutional violations,

but instead decides the case on a procedural ground without determining whether there has been a denial of a constitutional right. See, e.g., Slack v. McDaniel, 529 U.S. 473 (2000); Walker v. Government of The Virgin Islands, 230 F.3d 82, 89-90 (3d Cir. 2000).

> In resolving this difficulty, the Supreme Court in Slack v. McDaniel, held that [w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

Slack, 529 U.S. at 484. Hence, the analysis as to whether a certificate of appealability should issue to review a procedural question, has "two components, one directed at the underlying constitutional claims and one directed at the district court's procedural holding." Id. at 473. The test is conjunctive and both prongs must be met. See Walker, 230 F.3d at 90.

Applying this standard to the instant case, the Court concludes that jurists of reason would not find it debatable that the present Petition constitutes an abuse of the writ.

## III. CONCLUSION

For the reasons set forth herein, it is respectfully recommended that the Petition be denied and that a Certificate of Appealability likewise be denied.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Rule 72.D.2, the parties are permitted to file written objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Objections are to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219. Failure to timely file objections will waive the right

to appeal.  <u>Brightwell v. Lehman</u>, 637 F.3d 187, 193 n. 7 (3d Cir. 2011).  Any party opposing objections may file their response to the objections within fourteen (14) days thereafter in accordance with Local Civil Rule 72.D.2.

                                       Respectfully submitted,

Date:  March 2, 2016                     s/Maureen P. Kelly
                                       MAUREEN P. KELLY
                                       CHIEF UNITED STATES MAGISTRATE JUDGE

cc:     The Honorable David Stewart Cercone
        United States District Judge

        TROY G. JOSEPH
        DN-6541
        SCI Graterford
        Box 244
        Graterford, PA 19426

        All Counsel of Record via CM-ECF